# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SANDRA PULGARIN,<br><br>      Plaintiff,<br><br>vs.<br><br>TRISTAR PRODUCTS, INC.; ZHONGSHAN USATA ELECTRIC APPLIANCE CO., LTD; and DOES 1 to 100, inclusive,<br><br>      Defendants. | Case No. 2:17-cv-04955-SJO-(KS**x**)<br><br>**STIPULATED PROTECTIVE ORDER** |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order ("Stipulation") filed on March 1, 2018, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 1, 2e, 4e, 4g, 6, and 11 of the Stipulation.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

Upon agreement of the parties to the above-captioned action and this Honorable Court to the entry of a protective order, and due to the likelihood that discovery and relief sought in this

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

action ("Action") by Plaintiffs will require production of certain confidential, personal, private, proprietary, commercial, financial, business, trade secret and/or otherwise sensitive information, and due to the need to protect the confidentiality of such information, it is agreed by the parties and ordered as follows:

1. **Scope.**

    (a)  *Confidential Information:*  All documents, information, electronically stored information, testimony, or other things furnished by Tristar Products, Inc. ("Tristar") in conjunction with this Action, which it considers in good faith to contain, reflect, or comment upon trade secrets, proprietary, confidential, privileged, private, personal, sensitive, commercial, financial or business information ("Confidential Information") may be designated CONFIDENTIAL and furnished to the parties pursuant to the terms of this Agreed Protective Order ("Order").  The party receiving the Confidential Information shall treat it as proprietary information and shall not use or disclose the information except as set forth in this Order.  The provisions of this Order extend to all Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials and tangible things that are produced, made available for inspection, disclosed, or filed in this Action, including any copies, notes, abstracts, or summaries of the foregoing materials.

    No documents shall be designated or remain "Confidential" that: (a) at the time of disclosure hereunder are in the public domain; or (b) become available to the public after disclosure hereunder through no fault of the receiving party; or (c) are in the possession of the receiving party prior to disclosure hereunder, as evidenced by competent evidence; or (d) are disclosed to the receiving party by a third party that has an independent right to disclose such information.

    **Any use of Confidential Information at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Confidential Information at trial.**
//
//
//
//

**2. Designation of Confidentiality:** Documents or information may be designated CONFIDENTIAL within the meaning of this Order in the following ways:

(a) *Documents*: In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or something similar thereto.

(b) *Other Discovery*: In the case of interrogatory answers, responses to requests for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL. The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION. Designated parts not to be used, copied or disclosed except as authorized by Court Order."

(c) *Depositions*: In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from counsel to the court reporter, with copies to Counsel of Record, within thirty (30) days of receipt of the final deposition transcript or copy thereof. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. The entire deposition transcript (including exhibits) shall be treated as Confidential under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. Counsel also may agree to extend the time period for providing such designations. Before the above-referenced thirty-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript: "TREAT AS CONFIDENTIAL UNTIL FURTHER DESIGNATION." After the above-referenced thirty-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION. Designated parts

not to be used, copied or disclosed except as authorized by Court Order." If all or part of a videotaped deposition is designated as CONFIDENTIAL, the videocassette or other videotape container shall be labeled with the legend provided for in paragraph 2(a) above.

(d) *Electronically Stored Information*: To the extent that matter stored or recorded in the form of electronically stored information (including information, databases or programs stored on computers, discs, networks or tapes) ("Electronically Stored Information") is produced by any party in such form, the producing party may designate such matter as CONFIDENTIAL by cover letter referring generally to such matter. Whenever any party to whom Computerized Information designated as CONFIDENTIAL is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above. To the extent that any party or counsel for any party creates, develops or otherwise establishes any Electronically Stored Information, including any database, disc or tape, which contains information designated CONFIDENTIAL, that party and/or its counsel must take all necessary steps to insure that access to that Electronically Stored Information is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information.

(e) *Information Filed with the Court*: Any party seeking to file with the Court documents and/or materials designated CONFIDENTIAL will comply with local rule 79-5. **Protected material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. If the Court grants an application to seal,** all documents and materials filed with the Court containing or reflecting the contents of Confidential Information shall be endorsed with the caption of the Action, a generic designation of the contents, and the words "CONFIDENTIAL INFORMATION -- SUBJECT TO COURT ORDER" .

~~No party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding Judge, law clerks and other Court personnel without further Order of the Court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered or (2) within thirty days after the~~

~~mandate of the last reviewing court which disposes of this Action in its entirety is filed ("the final resolution of this Action"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, then, after notice from the Clerk of Court, the document shall be destroyed by the Clerk.~~

      **3.**    **Use of Confidential Information:** Confidential Information shall be used by any party, other than the producing party, solely for the purpose of conducting this Action, and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law.

      **4.**    **Disclosure of Confidential Information:** Access to information designated CONFIDENTIAL pursuant to this Order shall be limited to:

      (a)    the parties and counsel for the parties (including members or associates of such counsel's firm) or in-house and outside counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this Action;

      (b)    outside photocopying, data processing, graphic production, stenographers, or videographers employed by the parties or their counsel to assist in this Action;

      (c)    any outside expert who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this Action;

      (d)    any party or any director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of this Action;

      (e)    any person whose testimony is taken or is to be taken by deposition ~~or at trial~~ in this Action who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this Action, provided disclosing counsel determines in good faith that the disclosure is appropriate to the effective prosecution or defense of the Action;

      (f)    any person who authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material);

(g) this Court or any other Court exercising jurisdiction with respect to this Action, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, ~~hearing, trial or appeal~~ **or pre-trial hearing** in this Action; and

(h) any other person to whom the party producing the information agrees in writing.

5. **Notification of Confidentiality Order:** Confidential Information shall not be disclosed to persons described in paragraphs 4(b), 4(c), 4(d), or 4(e) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as **Exhibit A**. However, Confidential Information may be disclosed to non-parties and former employees (this does not include current employees of any party to this Action) pursuant to paragraph 4(e) provided that such persons are provided a copy of this Order, they represent that they have read and understand the provisions of this Order or its summary, and they are advised by the disclosing counsel that such persons are bound by the provisions of this Order. The originals of such Agreements shall be maintained by counsel for the party who obtained them until the final resolution of this Action. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to the counsel for opposing parties within 30 days. This prohibition includes either direct or indirect disclosure, including but not limited to any disclosure by counsel or experts.

6. **Objections to Designations:** A party shall not be obligated to object to the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent objection thereto. In the event a party objects to the designation under this Order by another party of any material, the objecting party shall consult with the other party to attempt to resolve their differences. The objecting party shall advise the designating party in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within five business days of receiving the written objection, the designating party shall advise whether the designation will be removed. The party responding to the objection must have a good faith basis for defending its designation. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party**, after**

**complying with the Court's pre-motion procedures,** may apply to the Court for a ruling that the material shall not be so treated, giving notice to the party which has produced the material. The producing party has the burden of supporting its designation. If the parties are unable to reach an accord and if no application to the Court is made, the material will remain as designated. Any information which had been produced and designated CONFIDENTIAL, but which is subject to a dispute as to its proper designation, shall remain CONFIDENTIAL pending resolution of the dispute. In the event the court determines that non-confidential information has improperly and in bad faith been designated as "Confidential", the challenging party may seek an award of reasonable attorneys' fees and expenses associated with such challenge.

7. **Preservation of Rights and Privileges:** Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information, or of any right which any party may have to assert such privilege at any stage of this Action.

8. **Return of Materials:** At the conclusion of this Action, all Confidential Information, and copies of such materials, shall be surrendered to the designated party (or its counsel) or destroyed. All notes arising from the examination of such Confidential Information shall be treated with the same degree of confidentiality as the Confidential Information and may only be disseminated pursuant to the terms of this Protective Order. Such notes shall be destroyed by Recipients or their attorneys at the conclusion of this Action. Recipients' attorneys shall certify, within twenty (20) days of the conclusion of this Action, that the requirements of this paragraph have been met by all signatories to this Protective Order.

9. **Inadvertent or Unintentional Disclosure:** The inadvertent or unintentional disclosure by the producing party of Confidential Information, or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege or work product doctrine (an "Inadvertently Produced Privileged Document"), regardless of whether the information was

so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information as Confidential pursuant to the procedures contained in paragraph 6.

10. **No Admissions:** A party's compliance with the terms of this Order shall not operate as an admission regarding the confidentiality, admissibility, or privileged nature of any particular document or information.

11. **Notice:** Any party or person in possession of Confidential Information or an Inadvertently Produced Privileged Document with respect to which the producing party has asserted a claim of privilege in accordance with paragraph 9 who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information or an Inadvertently Produced Privileged Document, shall promptly give written notice by e-mail to counsel for the party who produced or designated the materials as confidential or privileged identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information or an Inadvertently Produced Privileged Document that such Information is either confidential or privileged, subject to Protective Order and may not be disclosed without the consent of the party that produced the Confidential Information or designated the document as privileged. The person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction. **Nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court.**

12. **Non-Parties:** This Protective Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, in this Action, unless the non-party waives the protection of this Protective Order. This Protective Order shall also

apply to non-parties who are afforded access to documents or information produced during discovery in this Action, whether by deposition, production of documents or otherwise.

13. **Continuing Jurisdiction:** Upon the final resolution of this Action, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this Action.

14. **Violation:** Any party to this action may file a motion requesting the Court to sanction or hold in contempt of Court anyone who violates the terms of this Protective Order.

15. This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties, or by order of the Court made upon reasonable written request.

16. **Good Cause Statement:** This action is likely to involve valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been

maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case

SO STIPULATED:

                              MOKRI, VANIS & JONES, LLP

                              _____/s/_____
                              Brian C. Merges, Esquire
                              Attorney for Defendant,
                              Tristar Products, Inc.

                              BISNAR & CHASE

                              _____/s/_____
                              H. Gavin Long, Esquire
                              Attorney for Plaintiff,
                              Sandra Pulgarin

~~APPROVED AND~~ **FOR GOOD CAUSE SHOWN, IT IS** SO ORDERED:

**DATED: March 12, 2018**

                              _____
                              Karen L. Stevenson
                              UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SANDRA PULGARIN,<br><br>    Plaintiff,<br><br> vs.<br><br>TRISTAR PRODUCTS, INC.; ZHONGSHAN USATA ELECTRIC APPLIANCE CO., LTD; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. 2:17-cv-04955-SJO-KS<br><br>CONFIDENTIALITY AGREEMENT |

  1. I, _____, am employed as _____ by _____ located at _____.

  2. I have been given a copy of the Protective Order in this case ("Order") and have read it. I agree to be bound by the Order. I understand that information and/or documents which are disclosed to me by counsel of record for _____, which are designated as "Confidential" are **CONFIDENTIAL** and to be used by me solely to assist in the matter Sandra Pulgarin v. Tristar Products, Inc. Case No. 2:17-cv-04955-SJO-KS. I further understand that the Protective Order entered by the Court, prohibits me from revealing such

information or documents to any person, except as specifically allowed by the Order. I further acknowledge that I am not presently a competitor or employed by a competitor of Tristar Products, Inc. and that I will not use any Confidential document, transcript, or information obtained from my involvement in the matter of Pulgarin v. Tristar for any purpose other than assisting with the matter. I will maintain all such Confidential Information in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this matter, I will return the Confidential Information to the counsel who provided me with the Confidential Information or destroy the Confidential Information.

3. In accepting disclosure of information and/or documents designated as Confidential, I agree to be subject to the jurisdiction of the United States District Court for the Central District of California for the purpose of the Protective Order's enforcement and the enforcement of my obligations under this Confidentiality Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ (date) at _____ (time/location).

_____

Signature: _____

Printed Name: _____